UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HARRY SHERIDAN,   )
                 )
    Plaintiff,   )
                 )
    v.           )  **Case No.:**
                 )
COMENITY BANK,   )  **COMPLAINT AND DEMAND FOR**
                 )  **JURY TRIAL**
    Defendant.   )

# COMPLAINT

HARRY SHERIDAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COMENITY BANK ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Dickson City, Pennsylvania 18519.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its office located at One Righter Parkway, Suite 100, Wilmington, Delaware 19803.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around March 2015, and continuing through July 2015, Defendant called Plaintiff on his cellular telephone, on average, one (1) to

two (2) times each day.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Defendant's messages would state its name and; "Please hold to speak to a representative. This is an important call."

16. Defendant's telephone calls were not made for "emergency purposes."

17. When Plaintiff was able to speak to a live representative in late March 2015, he revoked any consent that may have previously been given to place calls to his cellular telephone.

18. Defendant, however, failed to update its records to restrict calls to Plaintiff's cellular telephone.

19. Instead, Defendant continued to make automated calls to Plaintiff's cellular telephone, continuing to call one (1) to two (2) times a day.

20. Most recently, Defendant called Plaintiff on July 10, 2015.

21. Upon information and belief, Defendant conducts business in a manner which violates the telephone consumer protection act.

### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, in and after late March 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, HARRY SHERIDAN, respectfully prays for a judgment as follows:

     a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

     b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

     c.     Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

     d.     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

     e.     Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HARRY SHERIDAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 08-21-15                 KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT